UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REZIA LUKE,

                      Plaintiff,

-against-

SUNWING TRAVEL GROUP,

                      Defendant.

20-CV-4964 (LLS)

TRANSFER ORDER

LOUIS L. STANTON, United States District Judge:

      By order dated August 24, 2020, the Court directed the parties to submit a brief statement addressing whether this Court is a proper venue for this action. The Court also directed Plaintiff to serve a copy of this order and the complaint on Defendant. Plaintiff submitted a brief statement, and the Court has reviewed it.[1] For the following reasons, the Court transfers this action, in the interests of justice, to the United States District Court for the Eastern District of New York.

**PROCEDURAL BACKGROUND**

      Plaintiff, who resides in Brooklyn, New York, filed this action invoking the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332. She alleges that she injured her foot and toe at a Mexican resort owned by Defendant Sunwing Travel Group, a Canadian company.[2] Because she sued a Canadian company, which did not appear to have any contacts with this District, and the events giving rise to the claim did not occur in this District, the Court concluded

---

[1] Defendant never responded to this order, but it is unclear whether Plaintiff ever served the copy of the order and the complaint.

[2] Plaintiff does not allege that Defendant is incorporated, or maintains its principal place of business, in any state within the United States. It therefore appears, for diversity purposes under 28 U.S.C. § 1332(c)(1), that Defendant is a citizen of Canada. *See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) ("For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business.") (citing 28 U.S.C. § 1332(c)(1)).

that this District was not a proper venue for this action. The Court therefore ordered the parties to file statements showing cause that this District was not improper. Only Plaintiff, who the Court had directed to provide a copy of this order to Defendant, filed a statement.

In her statement, Plaintiff states that Defendant

> actively advertise[d] their flight routes to travel destinations including Mexico, on the world wide web, through its service provider 'Flyfar.' Through this website interface, the Defendant actively targets New York residents and residents of this District, such as the Plaintiff, who, through the Defendant's direct advertising, was able to book a direct flight servicing New York to Cancun Mexico . . . . Plaintiff, a New York resident, states that it was  . . . . the Defendant's website that attracted her to visit the Defendant's resort in Mexico, where she was injured.

(ECF No. 6, at 2.) Plaintiff also argues that because Defendant "frequently arrives and depart[s] in both La Guardia and JFK Airport . . . [it] will . . . have physical booking agents or representatives serving New York residents . . . of this District, and prospective vacationers who may be contemplating flying to the Defendant's destination, inclusive of Cancun Mexico." (*Id.*) Relatedly, Plaintiff contends that Defendant "has purposefully availed itself to litigation in every State with which it targets residents to visit their travel destinations." (*Id.* at 3.)

## DISCUSSION

### A. This District is not a proper venue for this action

An action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Corporations reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Where a State contains multiple judicial districts, as New York does, a corporate defendant resides "in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation

shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

"Personal jurisdiction over a defendant in a diversity action is determined by the law of the forum in which the court sits." *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986). Thus, for venue to be proper in this District under § 1391(b)(1), Defendant must be subject to personal jurisdiction in this District, as if this District were a separate State.

In New York, two statutes govern personal jurisdiction: C.P.L.R. § 301 ("general jurisdiction" and § 302 ("specific jurisdiction"). Under § 301, "New York courts may exercise general jurisdiction over a foreign corporation where that corporation is 'engaged in such a continuous and systematic course of doing business here . . . as to warrant a finding of its 'presence' in this jurisdiction." *JW Oilfield Equip., LLC v. Commerzbank, AG*, 764 F. Supp. 2d 587, 592–93 (S.D.N.Y. 2011) (quoting *Simonson v. Int'l Bank*, 14 N.Y.2d 281, 285 (1965) (internal quotation marks and citation omitted). "[A] corporation is doing business and is therefore present in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, if it does business in New York not occasionally or casually, but with a fair measure of permanence and continuity." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000) (internal quotations and citations omitted).

Where a plaintiff brings suit against a nondomiciliary, arguing personal jurisdiction under § 302, "two conditions [must be] met: first, the nondomiciliary must "transact business" within the state; second, the claim against the nondomiciliary must arise out of that business activity." *CutCo Indus., Inc.*, 806 F.2d. at 365 (citing *McGowan v. Smith*, 52 N.Y.2d 268, 272 (1981) (an "articulable nexus between the business transacted and the cause of action sued upon" is essential)). In the specific jurisdiction context, courts first consider the "totality of the

defendant's activities within the forum [state] to determine whether a defendant has transacted business in such a way that it constitutes purposeful activity." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (internal citations and quotation marks omitted). Then a court must consider whether "there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Id.* (internal citation and quotation marks omitted).

Plaintiff fails to allege any facts suggesting that Defendant is subject to personal jurisdiction in this District under either the general or specific jurisdiction statutes. General jurisdiction is lacking under § 301 because Plaintiff fails to allege that Defendant engaged in any continuous and systematic course of business that would warrant a finding of it being present in this District. Rather, Plaintiff's allegations – that Defendant advertises its flight routes on the internet, generally targets New Yorkers, including Plaintiff, for its trips, and possibly employs booking agents or representatives at New York airports – do not suggest that Defendant engages in any business in this District "with a fair measure of permanence and continuity." *Wiwa*, 226 F.3d at 95.

Plaintiff also fails to state any facts suggesting that the Court can exercise specific jurisdiction over Defendant. This case did not arise from any transaction that transpired in this District; instead, the underlying events occurred in Mexico. Even assuming that Plaintiff booked her trip from her residence in Brooklyn, New York, which is not in this District, her claims do not arise from that transaction either, but rather from an incident in Mexico where she claims she was injured.

Because Plaintiff fails to allege any facts suggesting that Defendant is subject to the Court's personal jurisdiction with respect to her claims, venue in this District is improper under 28 U.S.C. § 1391(b)(1).

**B.    The Court transfers this action to the Eastern District of New York**

Plaintiff proceeds in this matter *pro se*. Though the Court concludes that she does not state sufficient facts to show that this District is a proper venue, the Court cannot conclude that the Eastern District of New York is not a proper venue.

Courts may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

Under § 1404(a), transfer appears to be appropriate in this case. Plaintiff resides in Brooklyn, New York, which is located within the Eastern District of New York. She claims that that Defendant specifically targeted her to book a flight at a Queens, New York airport, also

5

located within the Eastern District of New York. Given these allegations, the Court finds that Plaintiff arguably could show that Defendant is subject to the Eastern District's personal jurisdiction. Accordingly, the Court concludes that it is in the interests of justice to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. A summons shall not issue from this Court. This order closes this case.

Dated:  December 10, 2020
        New York, New York

                                    _____
                                         Louis L. Stanton
                                         U.S.D.J.